# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHERYLEE CRAWFORD;<br><br>Plaintiff,<br><br>v.<br><br>WALMART OF BRICK; ABC CORPORATIONS (1-10); DEF PARTNERSHIPS (1-10); GHI LIMITED LIABILITY COMPANIES (1-10); AND JOHN-JANE DOES (1-10);<br><br>Defendants. | CIVIL ACTION<br><br>CASE NO. _____<br><br>JURY TRIAL DEMANDED |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, "Walmart of Brick" (hereinafter referred to as "Defendant" or "Walmart"), by and through their undersigned counsel, now file this Notice of Removal pursuant to 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) to remove this action from the Superior Court of New Jersey, Law Division, Ocean County ("State Action") to the United States District Court for the District of New Jersey, and, in support thereof, state as follows:

**I.     PROCEDURAL AND FACTUAL BACKGROUND**

1.    On January 25, 2021, Plaintiff, Cherylee Crawford ("Plaintiff"), instituted the State Action by filing a Complaint against the Defendant, "Walmart of Brick" (*See* Ex. "A," Plaintiff's Complaint).

2.    Plaintiff alleges that she sustained personal injuries from an incident that occurred on or about August 22, 2020 at Wal-Mart Store #1977 located at 1872 Route 88 in Brick, New Jersey ("Store"). *(See generally* Ex. "A," Plaintiff's Complaint.)

3.    According to Plaintiff's Complaint, "As a direct and proximate result of the negligence of the Defendants as aforesaid, Plaintiff was caused to be injured due to the aforesaid

dangerous condition and was thus caused to sustain and did sustain serious and permanent personal injuries requiring the care and treatment of physicians and medication and has been and will in the future continue to be hampered in her daily routine." *(Id. ¶ 5.)*

4. Plaintiff's Complaint was simply too vague and indefinite for Defendant to determine the amount in controversy alleged.

5. On February 25, 2021, Defendant filed an Answer to Plaintiff's Complaint. (*See* Ex. "B," Defendant's Answer to Complaint.)

6. According to Plaintiff's Statement of Damages dated June 22, 2021, Plaintiff is seeking $1,000,000 in damages. (*See* correspondence, attached hereto as Ex. "C".)

7. Defendant now timely files this Notice of Removal because the Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) because there is complete diversity of citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

8. The United States District Court for the District of New Jersey is the federal judicial district encompassing Ocean County, New Jersey, where the State Action was filed. For purposes of removal, venue lies in this Court pursuant to 28 U.S.C. § 1441(a).

9. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal contains a "copy of all process, pleadings, and orders served upon the defendants in this action." *(See* Ex. "D," Copies of All Process, Pleadings and Orders Served Upon Defendant in the State Action.)

10. Prompt written notice of this Notice of Removal is being sent to Plaintiff through her counsel, and a copy of this Notice of Removal is being filed with Superior Court of New Jersey, Law Division, Ocean County, as required by 28 U.S.C. § 1446(d).

**II.     REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION BECAUSE THERE IS COMPLETE DIVERSITY OF CITIZENSHIP AND THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS**

11.     "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

12.     The district courts of the United States have original jurisdiction over matters between citizens of different States where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a).

**A.     THERE IS COMPLETE DIVERSITY OF CITIZENSHIP**

13.     A natural person is deemed to be a citizen of the state where she is domiciled. *Lincoln Benefit Life Co. v. AEI Life, LLC,* 800 F.3d 99, 104 (3d. Cir. 2015).

14.     "A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." *Id.*

15.     The citizenship of limited liability companies and partnerships are determined by the citizenship of their members. *Zambelli Fireworks Mfg. Co. v. Wood,* 592 F.3d 412, 420 (3d Cir. 2010).

16.     The citizenship of fictitious names shall be disregarded when determining diversity of citizenship. 28 U.S.C. §1441(b)(1).

17.     At all relevant times, Plaintiff was/is a citizen of the State of New Jersey because she was/is an adult individual residing and domiciled in Ocean County, New Jersey. *(See* Ex. "A")

18.     Although not named as a Defendant, the entity that operated the Wal-Mart Store #1977 located at 1872 Route 88 in Brick, New Jersey was Wal-Mart Stores East, LP.  There is no legal entity named "Walmart of Brick."

19.     Wal-Mart Stores East, LP is a Delaware limited partnership with its principal place of business in Bentonville, Arkansas.

20.     Wal-Mart Stores East, LP is owned solely (100%) by Wal-Mart Stores, Inc., now known as Walmart Inc., a Delaware corporation with its principal place of business in Arkansas, through various wholly-owned operating entities as follows:  Walmart Inc. (WMT) is the sole (100%) owner of Wal-Mart Stores East, LLC (WMSE), which is an Arkansas corporation with its principal place of business in Arkansas.  Wal-Mart Stores East, LLC, is the sole (100%) owner of WSE Management, LLC, and WSE Investment, LLC, which are both Delaware limited liability companies whose principal places of business are in Arkansas. WSE Investment, LLC, is the 99% owner and limited partner of Wal-Mart Stores East, LP. WSE Management, LLC, is the 1% owner and general partner of Wal-Mart Stores East, LP. Accordingly, Wal-Mart Stores East, LP, is owned by two Delaware limited companies whose sole owner and shareholder is an Arkansas corporation (WMSE), which in turn is wholly-owned by a Delaware corporation (WMT).  For the purposes of diversity of citizenship, Wal-Mart Stores East, LP is a citizen of the States of Arkansas and Delaware.

21.     None of Wal-Mart Stores East, LP's limited or general partners are citizens of the Commonwealth of Pennsylvania, so the requirements of diversity jurisdiction are satisfied.

22.     No properly identified Defendant is a citizen of the State of New Jersey.

23.     Accordingly, at all relevant times, there was/is complete diversity of citizenship.

**B.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS**

24.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy is greater than $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

25.     A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014).

26.     Evidence establishing the amount is required by 28 U.S.C. §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation. *Id.*

27.     Plaintiff's Complaint was simply too vague and indefinite for Defendant to determine the amount in controversy alleged. *(See* Ex. "A")

28.     According to Plaintiff's Statement of Damages dated on June 22, 2021, Plaintiff is seeking $1,000,000 in damages. (*See* correspondence, attached hereto as Ex. "C".)

29.     Based on the foregoing, the amount in controversy is in excess of $75,000 exclusive of interest and costs.

30.     Because the requirements for federal diversity jurisdiction pursuant to 28 U.S.C. § 1332 are satisfied, *i.e.,* complete diversity of citizenship and the amount in controversy exceeding $75,000, this action is properly removable.

**WHEREFORE**, Defendant, Walmart of Brick, respectfully requests that this State Action be removed from the Superior Court of New Jersey, Law Division, Ocean County to the United States District Court for the District of New Jersey.

                                              Respectfully submitted,

                                              **MCDONNELL & ASSOCIATES, P.C.**

Dated: July 20, 2021        By:   */s/ Lisa M. Only*

                                              Patrick J. McDonnell, Esquire
                                              NJ Attorney I.D. No.: 026781991
                                              Lisa M. Only, Esquire
                                              NJ Attorney I.D. No.: 011142009
                                              500 Route 70 West
                                              Cherry Hill, NJ 08002
                                              Telephone: (856) 429-5300
                                              Facsimile: (856) 310-7900
                                              *Attorneys for Defendant, Walmart of Brick*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHYLLIS BOOTH,<br><br>    Plaintiff,<br><br>v.<br><br>WALMART STORE #5476; WALMART INC.; JOHN DOE and/or JOHN DOE, INC.,<br><br>    Defendants. | CIVIL ACTION<br><br>CASE NO. _____<br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, Lisa M. Only, Esquire, hereby certify that, on the below date, Defendant, Walmart of Brick's, Notice of Removal was filed with the Court and will be available for viewing and downloading from the ECF system. I also certify that a true and correct copy was served via electronic and first-class mail on this same date on the following:

Albertina M. Amendola, Esquire
JUDD SHAW, P.A.
JUDD SHAW INJURY LAW
1161 Broad Street, Suite 312
Shrewsbury, New Jersey 07702
*Attorneys for Plaintiff, Cherylee Crawford*

**MCDONNELL & ASSOCIATES, P.C.**

Dated: July 20, 2021    By: */s/ Lisa M. Only*

Lisa M. Only, Esquire
*Attorneys for Defendant, Walmart of Brick*